**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

**LAMIA SCOTT, SHEANETTE LEONARD,**
**CASONDRA SARGENT, and AHATI BROWN**
**individually and on behalf**
**of others similarly situated**                                                      **PLAINTIFFS**

      **v.**                                  **Case No. 4:20-cv-110**

**STRAWBERRY CREEK OUTREACH**
**CENTER, INC. and DANIEL HILL**                                      **DEFENDANTS**

---

## COMPLAINT

---

### I. INTRODUCTION

1.      This is a case for unpaid overtime. Defendant Strawberry Creek Outreach Center, Inc. ("Strawberry Creek") provided home placement services for foster children. Strawberry Creek was owned and operated by Daniel Hill, who had complete operational control of the enterprise. To provide those services, Strawberry Creek and Hill employed a house developer, who helped recruit families to serve as foster parents and to qualify them for doing so, and 10-15 case managers who made visits to foster homes, made records for foster parents and children, held meetings with child protective services, attended meetings with teachers and counsellors, and other similar tasks. Even though the house developer and case managers had to routinely work 60 to 80 hours per week, Strawberry Creek and Hill did not pay overtime and are in violation of the Fair Labor Standards Act.

2.      Plaintiffs bring this suit individually and on behalf of those similarly situated to recover unpaid overtime, liquidated damages, and attorneys' fees, costs, and expenses.

## II. Parties, Jurisdiction, and Venue

3.      Lamia Scott is a citizen of Tarrant County, Texas. She was formerly employed by Defendants as case manager from approximately September 2016 until June 5, 2019 and classified as an exempt employee. Her consent to join this case is attached as Exhibit "A."

4.      Sheanette Leonard is a citizen of Tarrant County, Texas. She was formerly employed as a case manager from approximately November 2017 until June 2019 and classified as an exempt employee. Her consent to join this case is attached as Exhibit "B."

5.      Casondra Sargent is a citizen of Tarrant County, Texas. She was formerly employed as a case manager from approximately February 2017 until February 2018 and classified as an exempt employee. Her consent to join this case is attached as Exhibit C."

6.      Ahati Brown is a citizen of Tarrant County, Texas. She was formerly employed as a house developer from approximately June 2016 until June 2019 and classified as an exempt employee. Her consent to join this case is attached as Exhibit "D."

7.      Defendant Strawberry Creek Outreach Center, Inc. ("Strawberry Creek") provides home placement services for foster parents pursuant to contracts with the state of Texas. Strawberry Creek's corporate offices are located at 6401 Lucerne Drive, Fort Worth, Texas 76135-9605, and it can be served through its registered agent (and co-defendant) Daniel Hill at 1913 Hemlock Drive, Haltom City, Texas 76117. Strawberry

Creek is covered by the FLSA, and it was Plaintiffs' employer within the meaning of the Fair Labor Standards Act.

8.     Defendant Daniel Hill owned, operated, and had operational control over Strawberry Creek. Upon information and belief, he resides in Tarrant County, Texas. Hill was Plaintiffs' employer within the meaning of the Fair Labor Standards Act.

9.     This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq.*, under 29 U.S.C. § 216 and 28 U.S.C. § 1331.

10.    Venue lies within this district, pursuant to 28 U.S.C. § 1391, because the defendants are a resident of this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III. FACTS

11.    At all pertinent times, Strawberry Creek has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(r) and (s), 29 U.S.C. § 203(r) and (s).

12.    Strawberry Creek and Hill were, at all relevant times, the "employer," as that term is defined by 29 U.S.C. § 203(d), of plaintiffs and those similarly situated.

13.    Plaintiffs and those similarly situated are or were "employees" of Strawberry Creek and Hill as that term is defined by 29 U.S.C. § 203(e).

14.     Strawberry Creek contracts with the state to assist in placing children in foster homes.

15.     As the house developer, Brown's primary duty was recruiting families to serve as foster parents and helping those families get qualified to accept children.

16.     Plaintiffs' primary duty was making visits to foster homes, making records for foster parents and children, holding meetings with child protective services, attending meetings with teachers and counsellors, and being available for the foster parents and children. Basically, the job was providing the services that Strawberry Creek contracted with the state to perform.

17.     In addition to Scott, Leonard, and Sargent, Strawberry Creek and Hill employed approximately 10-15 other case managers at a given time. Those individuals performed the same types of duties as Plaintiffs.

18.     During most of their workweeks, Plaintiffs and those similarly situated worked far in excess of 40 hours per week. Plaintiffs and those similarly situated usually worked between 60 and 80 hours each week. Even though Plaintiffs and those similarly situated were routinely expected to work in excess of 40 hours per week and did in fact work in excess of 40 hours per week, they were not paid overtime.

19.     Defendants knew or should have known that Plaintiffs and those similarly situated regularly worked far in excess of 40 hours. In fact, Plaintiffs were required to clock in and clock out for some of their employment. Daniel Hill, however, instructed the employees to stop recording their hours worked because he was concerned about the number of overtime hours being recorded.

20.     Plaintiffs did not have the authority to hire or fire employees, and their suggestions and recommendations regarding hiring, firing, advancement, promotion or other change in status were not given particular weight.

21.     Strawberry Creek and Hill willfully violated the FLSA when it failed to pay Plaintiffs and those similarly situated overtime. Strawberry Creek and Hill knew or should have known that they were required to pay overtime. Hill even recognized the fact that his employees were working substantial overtime hours, and, instead of complying with the law and paying overtime, he instructed them to stop recording the time.

### IV. COUNT I:
### FLSA: FAILURE TO PAY OVERTIME

22.     Plaintiffs reallege and incorporate by reference all paragraphs above as if they were set forth herein.

23.     The FLSA requires an employer to pay its employees overtime compensation of at least one-and-a-half times their regular rate for time worked in excess of 40 hours per week.

24.     Plaintiffs and those similarly situated regularly worked in excess of 40 hours per week.

25.     Despite regularly working in excess of 40 hours per week, Plaintiffs and those similarly situated were not paid overtime compensation for hours worked in excess of 40 hours per week.

26.     Strawberry Creek and Hill violated the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by failing to pay Plaintiffs and those similarly situated overtime.

27.     Strawberry Creek and Hill knew or should have known that Plaintiffs were entitled to be paid overtime and did not meet the requirements for any exemption to the FLSA. In fact, Hill was concerned about the potential overtime liability, and he instructed the employees to stop recording their hours because he was concerned about the number of overtime hours being recorded.

28.     Strawberry Creek and Hill did not maintain and preserve payroll or other records showing the number of hours worked each workday and total hours worked each workweek by Plaintiffs and those similarly situated. As a result, Plaintiffs and those similarly situated are entitled to prove their damages as a matter of just and reasonable inference.

29.     Pursuant to 29 U.S.C. §§ 207, 216, Strawberry Creek and Hill owe Plaintiffs and those similarly compensation for overtime work including any back wages owed for overtime work. Strawberry Creek and Hill also owes them an amount equal to their unpaid overtime as liquidated damages, together with an additional sum for attorneys' fees and costs.

## V. Prayer for Relief

WHEREFORE, Plaintiffs Lamia Scott, Sheanette Leonard, Casondra Sargent, and Ahati Brown respectfully request this Court:

a.     Enter a declaratory judgment that the practices complained of herein are unlawful under Federal law;

b.     Certify a collective action and send notice to all other case managers who worked for Strawberry Creek within the three years preceding the filing of this complaint.

c.     Enter an Order for complete and accurate accounting of all the compensation to which they are entitled;

d.     Award then compensatory damages in an amount equal to his unpaid overtime wages for the three years prior to filing their consent to join in this case through the date of trial;

e.     Award them liquidated damages in an amount equal to their unpaid overtime wages;

f.     Award them all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

g.     Grant them all such further relief as the Court deems just and appropriate.

## VI. Jury Demand

Plaintiffs demand a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

By:     /s/ Timothy A. Steadman_____
        John Holleman
        Texas Bar No. 24014806
        jholleman@johnholleman.net
        Timothy A. Steadman
        Arkansas Bar No. 2009113
        tim@johnholleman.net
        HOLLEMAN & ASSOCIATES, P.A.
        1008 West Second Street
        Little Rock, Arkansas 72201
        Tel. 501.975.5040
        Fax 501.975.5043